**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4227**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ABRAHAM JIMENEZ-MANUEL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:11-cr-00259-HEH-1)

Submitted:  October 2, 2012          Decided:  October 9, 2012

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abraham Jimenez-Manuel ("Jimenez") pled guilty to illegal reentry after removal as a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court sentenced him to twenty-one months' imprisonment and a term of three years' supervised release. On appeal, Jimenez challenges the procedural reasonableness of the sentence, contending that the district court failed to adequately explain the imposition of a three-year term of supervised release when he was to be deported after serving his term of imprisonment. See U.S. Sentencing Guidelines Manual ("USSG") § 5D1.1(c) & cmt. n.5 (2011); see USSG app. C., amend. 756 (effective Nov. 1, 2011). We affirm.

When rendering a sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). However, a district court is not required to discuss the 18 U.S.C. § 3553(a) (2006) sentencing factors in a checklist fashion. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Furthermore, "[w]hen imposing a sentence within the Guidelines, . . . the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

2

On appeal, we review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[] under a deferential abuse-of-discretion standard." Gall, 552 U.S. at 41. Because Jimenez did not object below to the adequacy of the district court's explanation for the sentence it imposed, our review is for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 731-32 (1993) (detailing plain error standard).

After review of the sentencing transcript and the parties' briefs, we conclude that the district court adequately explained its imposition of a three-year term of supervised release. The court considered Jimenez' extensive criminal history and prior unauthorized entries into the United States as well as the § 3553(a) factors. The court particularly condemned Jimenez' acts of domestic violence, one of which occurred shortly after Jimenez was shown leniency by immigration officials. Taking the facts and circumstances of Jimenez' case into consideration, the court created a special condition of release, a prohibition against unauthorized reentry, and clearly explained the additional penalties if Jimenez violates the condition. Although the court did not specifically tie the § 3553(a) factors to the term of supervised release in a checklist manner, it is apparent that the court considered the specific facts and circumstances of Jimenez' case and found that

3

an added measure of deterrence was needed.  Because the district court thoroughly explained its reasons for the imposition of a three-year term of supervised release, we conclude that the district court committed no procedural error.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Alternatively, Jimenez asserts that the district court should have explained why it imposed the maximum term of supervised release, as opposed to a lesser amount of time.  We conclude that the same explanation that supported imposing a term of supervised release in the first instance is similarly adequate to explain the length of the term of supervised release deemed appropriate by the district court.